# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PICANO SALAZAR,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>Defendant. | Case No.: 1:25-cv-00172-KES-SKO<br><br>**ORDER VACATING HEARING AND FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR LEAVE TO RECORD *LIS PENDENS* AND MOTION TO STRIKE DEFENDANT'S UNTIMELY MOTION TO DISMISS AND FOR JUDICIAL ENTRY OF DEFAULT BE DENIED AND DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BE GRANTED WITH LEAVE TO AMEND**<br><br>(Docs. 4, 14, 15)<br><br>Objections Due: 21 Days |

Plaintiff Joseph Picano Salazar initiated this action on February 11, 2025, with a fee-paid complaint bringing claims for (1) wrongful foreclosure; (2) fraud and misrepresentation; (3) constructive fraud; (4) violation of the California Commercial Code; (5) violation of California's Unfair Competition Law ("UCL"); (6) quiet title; (7) declaratory relief; (8) injunctive relief, and (9) a claim for Fraudulent Misrepresentation and Aiding and Abetting against a non-party. (*See* Doc. 10 ("FAC")). Presently before the Court are several motions filed by both parties including: (1) Plaintiff's Motion for Leave to Record a *Lis Pendens* on the property at 942 West Loyola Avenue Visalia, California, (Doc. 4); (2) Defendant's Motion to Dismiss the First Amended Complaint, (Docs. 14; 14-1 ("MTD")); and (3) Plaintiff's Motion to Strike Defendant's Untimely Motion to Dismiss and for Judicial Entry of Default, (Doc. 15).

This matter has been referred to the undersigned pursuant to 8 U.S.C. § 636(b)(1), (*see* Doc. 8), and is appropriate for decision without oral argument, *see* Local Rule 230(g).

## I.   BACKGROUND

### A.   Factual Background

Plaintiff Joseph Picano Salazar signed a Deed of Trust dated June 17, 2022, the subject of which is a property identified as 942 West Loyola Avenue, Visalia, California. (Doc. 14-3 at 3, 5).[1] The relevant parties identified in the Deed of Trust are: (1) Plaintiff as the borrower, (2) United Wholesale Mortgage, LLC as the lender, and (3) Mortgage Electronic Registration System ("MERS") as nominee and beneficiary. (*Id.* at 3–4). As relevant to the pending action, the Deed of Trust states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the property."

(Doc. 14-3 at 5).

---

[1] The Court may properly consider the documents at issue in connection with Plaintiff's conclusory allegations that Defendant did not have the authority to proceed with the foreclosure. *See Paulsen v. CNF Inc.,* 559 F.3d 1061, 1071 (9th Cir. 2009) ("We are not . . . required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."); *accord Steckman v. Hart Brewing,* 143 F.3d 1293, 1295–96 (9th Cir. 1998) (same).

As relevant here, the Court, in ruling on a motion to dismiss, is permitted to consider documents subject to judicial notice. Federal Rule of Evidence 201 provides that "[a] court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). A judicially noticed fact must be one "not subject to reasonable dispute" in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Id.* 201(b). Under the "incorporation by reference" doctrine, federal courts are permitted to take judicial notice of and consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *abrogated on other grounds by S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Here, the Deed of Trust appended to Defendant's Motion to Dismiss the First Amended Complaint is discussed in the FAC. *See e.g.*, FAC at 3 (referencing the Deed of Trust). Further, the "Corporate Assignment of Deed of Trust" assigning a beneficiary interest to Defendant—the contents of which are necessary for Plaintiff to have standing to bring these claims against Defendant—and the Notice of Default relating to the foreclosure proceedings that Plaintiff alleges, (*see* FAC at 10), are also appended to Defendant's Motion to Dismiss. (*See* Doc. 14-3 at 20 (Corporate Assignment Deed of Trust), 23–25 (Notice of Default)). Since Plaintiff does not challenge the authenticity of these documents—only the legal effect of the documents (*see* Doc. 38 at 5–6)—the Court may take judicial notice of them.

Defendant Select Portfolio Servicing was not a party at the time the Deed of Trust was executed, but on October 25, 2024, MERS purported to assign its interest to Defendant through a "Corporate Assignment Deed of Trust." (Doc. 14-3 at 20).

On December 2, 2024, a Notice of Default was executed as to 942 West Loyola Avenue, Visalia, California. (Doc. 14-3 at 23–25).

**B.    Procedural Posture**

Plaintiff, proceeding *pro se*, initiated this action on February 11, 2025, with a fee-paid complaint. (Doc. 1). On March 11, 2025, prior to Defendant's appearance, Plaintiff filed a "Motion for Leave to Record a *Lis Pendens*." (Doc. 4). On March 25, 2025, Plaintiff amended his complaint, as a matter of right, bringing claims against Defendant for (1) wrongful foreclosure; (2) "fraud and misrepresentation;" (3) constructive fraud; (4) violation of the California Commercial Code; (5) violation of California's Unfair Competition Law ("UCL"); (6) quiet title; (7) declaratory relief; and (8) injunctive relief.[2] (Doc. 10 ("FAC")).

Plaintiff alleges that (1) the Deed of Trust is invalid because Plaintiff obtained title to the Property simultaneously with the execution of the mortgage, (*id.* at 3–4); (2) the Deed of Trust is void because Mortgage Electronic Registration Systems, Inc. ("MERS") was designated as the beneficiary of the Loan, (*id.* at 4–6); and (3) the Loan was improperly assigned to the foreclosing beneficiary because a separate assignment of the promissory note was not also executed, (*id.* at 4). Plaintiff contends that the Deed of Trust is void and the foreclosure proceedings are wrongful.

On April 9, 2025, Plaintiff filed a "Request for Entry of Default." (Doc. 13). The following day, Defendant filed a "Motion to Dismiss the First Amended Complaint." (Doc. 14). The following day, Plaintiff filed a "Motion to Strike Defendant's Untimely Motion to Dismiss and for Judicial Entry of Default," (Doc. 15), and a "Memorandum of Points and Authorities" in support of that motion, (Doc. 16). These motions have now been fully briefed. (*See* Docs. 28 (Opposition to Plaintiff's Motion to Strike and for Judicial Entry of Default); 29 (Opposition to Defendant's Motion to Dismiss the First Amended Complaint); 30 (Reply in Support of Plaintiff's

---

[2] Plaintiff also brings a claim for Fraudulent Misrepresentation and Aiding and Abetting against non-party MERS. (FAC at 12–13).

1  Motion to Strike and for Judicial Entry of Default; 36 (Reply in Support of Defendant's Motion
2  to Dismiss the First Amended Complaint)).

3  On April 11, 2025, Plaintiff requested an "Emergency Ruling on Motion for Leave to
4  Record a *Lis Pendens*," which the Court construed as a motion to shorten time under Eastern
5  District of California Local Rule 233. (*See* Doc. 25). On April 25, 2025, the Court granted
6  Plaintiff's Motion to Shorten Time, instructing Plaintiff to file proof of service of the Motion for
7  Leave to Record a *Lis Pendens* on the docket, after which the Court would set an expedited
8  briefing schedule. (Doc. 31). After Plaintiff filed proof of service of the motion on Defendant,
9  the Court set an expedited briefing schedule, (Doc. 34), pursuant to which Defendant filed an
10 opposition, (Doc. 37), and Plaintiff filed a reply, (Doc. 38).

## II.     LEGAL STANDARDS

### A.     Motion to Strike Filing as Untimely

Under Federal Rule of Civil Procedure 6(b), when a party fails to timely file a brief, "the court may, for good cause, extend the time" to file such brief "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). "Excusable neglect 'encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,'" and may include "omissions caused by carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.*, 507 U.S. 380, 388, 394 (1993)) (alterations omitted). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). In determining whether the neglect was excusable, the Court considers: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395). These factors are "not an exclusive list," *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997); the Court must consider "all relevant circumstances," *Pioneer*, 507 U.S. at 395.

4

### B. Motion for Judicial Entry of Default

The Federal Rules of Civil Procedure govern the entry of default judgment. After default is entered because "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed. R. Civ. P. 55(a)–(b). Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002); *see Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, the issuance of default judgment is disfavored. *Id*. at 1472.

### C. Motion to Dismiss

A motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim," and dismissal is "proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011). "To survive a motion to dismiss, the plaintiff's complaint 'must contain sufficient factual

matter, accepted as true, to "state a claim to relief that is plausible on its face.""" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"At this stage, the Court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019). "[D]etermining whether a complaint states a plausible claim [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663–64. "'[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Twombly*, 550 U.S. at 562.

In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

To the extent the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Federal Rule of Civil Procedure 15(a)(2) advises that "[t]he court should freely give leave when justice so requires." In general, a pro se litigant will be granted an opportunity to amend deficient pleadings ordinarily. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). However, while the Ninth Circuit has an extremely liberal policy favoring leave to amend, *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), a court may deny leave to amend the complaint if doing so would be futile, *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### D.    Motion for Entry of *Lis Pendens*

The California statutory *lis pendens* scheme extends to the federal district courts. Cal.

1  Civ. Proc. Code § 405.5; *The Formula Inc. v. Superior Ct.*, 86 Cal. Rptr. 3d 341, 347 (Cal Ct.
2  App. 2008). Thus, "[f]ederal courts look to state law regarding matters pertaining to *lis pendens*."
3  *Balagapo v. GMAC Mortg.*, LLC, No. 2:09–cv–00405–JAM–GGH, 2010 WL 144108, at *1 (E.D.
4  Cal. Jan. 8, 2010) (citing 28 U.S.C. § 1964). Courts in this circuit apply California law when
5  ruling on a motion to expunge a *lis pendens*. *Balagapo*, 2010 WL 144108, at *1–2 (applying
6  California law in expunging a *lis pendens*); *Ritchie v. Cmty. Lending Corp.*, No. CV 09–02484
7  DDP (JWJx), 2009 WL 2486575, at *2–3 (C.D. Cal. Aug. 12, 2009) (same). "A party to an action
8  who asserts a real property claim may record a notice of pendency of action in which that real
9  property claim is alleged." Cal. Civ. Proc. Code § 405.20. This is known as a *lis pendens*. *See*
10 *Kirkeby v. Superior Ct.*, 93 P.3d 395, 398 (Cal. 2004). "The notice shall contain the names of all
11 parties to the action and a description of the property affected by the action." Cal. Civ. Proc. Code
12 § 405.20. In addition, when plaintiff proceeds without counsel, the notice must be approved by a
13 judge. *See id.* § 405.21. For this purpose, a "real property claim" is a cause of action which would,
14 if meritorious, affect title to, or the right to possession of, specific real property or the use of an
15 easement. *See id.* § 405.4; *Kirkeby*, 93 P.3d at 398. The analysis is similar to that of a demurrer
16 in state court, or a motion to dismiss for failure to state a claim in federal court, except that rather
17 than analyzing whether the pleading states any claim at all, a court undertakes the more limited
18 analysis of whether the pleading states a real property claim. *See id.*

### III.    ANALYSIS

20 The pending motions will be addressed as follows. First, the undersigned will consider
21 Plaintiff's Motion to Strike. Because the undersigned recommends that the Motion to Strike be
22 denied, the undersigned also recommends that Plaintiff's Motion for Entry of Judicial Default be
23 denied. The Court will then recommend granting Defendant's Motion to Dismiss and denying the
24 Motion for Leave to File a *Lis Pendens*.

### A.    Motion to Strike

26 Starting with Plaintiff's Motion to Strike, (Doc. 15), Plaintiff contends that Defendant's
27 Motion to Dismiss Plaintiff's First Amended Complaint is untimely under Federal Rule of Civil
28 Procedure Rule 15(a)(3), which requires responses to an amended complaint be filed within 14

7

1  days of the amended complaint. Defendant's Motion to Dismiss was filed 16 days after the filing
2  of the First Amended Complaint—two days late.

3  The Court can *nunc pro tunc* extend time under Rule 6(b) if the Court makes a finding of
4  excusable neglect. To determine if there has been excusable neglect, the Court considers the
5  *Pioneer* factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and
6  its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant
7  acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)
8  (citing *Pioneer*, 507 U.S. at 395).

9  Considering those factors, the undersigned finds that on balance the *Pioneer* factors weigh
10 in favor of finding that Defendant's failure to timely file their Motion to Dismiss resulted from
11 excusable neglect. First, Plaintiff has not plausibly alleged they will suffer prejudice from the
12 two-day delay, (*see generally* Doc. 16)[3], and there is no evidence that a two-day delay in filing a
13 Motion to Dismiss will prejudice Plaintiff as the delay has not significantly impacted the
14 proceedings. *Cf.*, *Linder v. Bridge*, 2015 WL 1778608, at *4 (N.D. Cal. Apr. 17, 2015) (finding
15 delay of eight days was "fairly minor"). Second, although the Court is concerned by at least one
16 other seemingly careless mistake made by Defendant—the procedurally defective service of the
17 motion to dismiss on Plaintiff due to an apparent scrivener's error[4]—the Court finds Defendant's
18 reason for delay in filing their Motion to Dismiss Plaintiff's First Amended Complaint—a
19 calendaring mistake which Defendant attempted to correct within two days—constitutes
20 excusable neglect. *See, e.g.*, *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (affirming
21 district court decision finding failure to calendar deadline was excusable neglect); *Ahanchian*, 624
22 F.3d 1262 (9th Cir. 2010) ("While a calendaring mistake caused by the failure to apply a clear
23 local rule may be a weak justification for an attorney's delay, we have previously found the
24 identical mistake to be excusable neglect."). And while Plaintiff cites *Pincay v. Andrews*, 389

---

26 [3] In his reply, Plaintiff alleges prejudice with regard to the originally calendared hearing, which was advanced and has now been vacated.
27 [4] While Plaintiff alleges an additional careless mistake—specifically that Defendant mistakenly misgendered him in their Motion to Dismiss the First Amended Complaint, (*see* Doc. 16 at 8–9)—the Court notes that the Defendant's
28 use of a female pronoun was in the context of a quoted case, not in direct reference to the Plaintiff, (*see* Doc. 14-1 at 22).

8

F.3d 853, 860 (9th Cir. 2004), and *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000), the Ninth Circuit found excusable neglect in both cases. Finally, the undersigned finds no evidence that Defendant did not act in good faith.

Based on the record and the aforementioned findings, the undersigned recommends Defendant's failure to timely file their Motion to Dismiss Plaintiff's First Amended Complaint constitutes excusable neglect under Rule 6(b).

### B. Motion for Judicial Entry of Default

Because the undersigned recommends finding that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is timely based on excusable neglect under Rule 6(b), the undersigned further recommends the Court deny Plaintiff's Motion for Entry of Judicial Default as the Defendant's Motion to Dismiss constitutes a pleading or other defense under Rule 55.

### C. Motion to Dismiss

Turning now to the merits of Defendant's Motion to Dismiss, the undersigned reviews each claim in turn.

#### 1. Wrongful Foreclosure

Plaintiff first brings a claim for wrongful foreclosure, alleging that "Defendants lacked the legal authority to initiate foreclosure proceedings due to their failure to properly acquire and hold the promissory note and to comply with the statutory requirements for non-judicial foreclosure under California law." (FAC at 7).

Courts have the power to vacate a foreclosure sale where there has been "fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 633 (Cal. Ct. App. 2011) (quoting *Lo v. Jensen*, 106 Cal. Rptr. 2d 443, 446 (Cal. Ct. App. 2001)). To state a claim for wrongful foreclosure, a plaintiff must plausibly allege: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or

9

1  mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secure
2  indebtedness or was excused from tendering." *Id.*  Here, Plaintiff's wrongful foreclosure claim
3  alleges that Defendant "lacked the legal authority to initiate foreclosure proceedings due to the
4  failure to properly acquire and hold the promissory note." (FAC at 7).

5  Defendants contend that Plaintiff does not advance a cognizable theory for wrongful
6  foreclosure. (MTD at 12–16). The undersigned agrees.  First, Plaintiff has not alleged that a
7  foreclosure sale has occurred, (*see id.* at 7, 11–12), which is a prerequisite for a wrongful
8  foreclosure claim, *see Gerard v. Wells Fargo Bank, N.A.*, No. 2:14-CV-1605 GEB DAD, 2015
9  WL 351926, at *4 (E.D. Cal. Jan. 26, 2015), *report and recommendation adopted*, No.
10 214CV1605GEBDADPS, 2015 WL 13667589 (E.D. Cal. Mar. 20, 2015) (citing *Rosenfeld v.*
11 *JPMorgan Chase Bank, N.A.,* 732 F.Supp.2d 952, 961 (N.D. Cal. 2010) (holding that the wrongful
12 foreclosure cause of action is premature where a foreclosure sale did not take place)); *see also*
13 *Pugh v. JPMorgan Chase Bank, N.A.*, No. 2:13–cv–1141 MCE DAD, 2013 WL 5739147, at *3
14 (E.D. Cal. Oct. 22, 2013) ("Plaintiffs do not allege their property has already been foreclosed.
15 Accordingly, Plaintiffs' wrongful foreclosure claim must be dismissed."); *Ramirez v. Kings Mortg.*
16 *Services, Inc.*, No. 1:12–cv–1109 AWI SKO, 2012 WL 5464359, at * 6 (E.D. Cal. Nov. 8, 2012)
17 ("Unless the foreclosure sale has already taken place, Plaintiff's claim for wrongful foreclosure is
18 premature even to the extent there are, theoretically, ground upon which the claim could be
19 predicated."); *Pey v. Wachovia Mortg. Corp.*, No. 11–2922 SC, 2011 WL 5573894, at *8 (N.D.
20 Cal. Nov.15, 2011) ("A claim for wrongful foreclosure requires the occurrence of a foreclosure
21 sale."); *Vega v. JPMorgan Chase Bank, N.A.*, 654 F.Supp.2d 1104, 1113 (E.D. Cal. 2009) ("a
22 purported wrongful foreclosure claim is premature given there has been no foreclosure of the
23 property"). And *Sciarratta v. United States Bank National Association*, is not to the contrary, as
24 that case involved allegations of a sale. *See* 202 Cal. Rptr. 3d 219, 226 (Cal. Ct. App. 2016).

25 Additionally, even if Plaintiff could allege a foreclosure sale had taken place, the
26 undersigned finds Plaintiff's numerous theories as to why the foreclosure is wrongful to be without
27 merit and fail as a matter of law.

28 First, Plaintiff's theory that MERS was improperly designated as the beneficiary of the

1  Loan and therefore could not further assign its interest, (FAC at 4–6; Doc. 29 at 4–7), is without
2  merit as "challenges to MERS's authority to assign or foreclose have been routinely rejected."
3  *Chidester v. Mortg. Elec. Registration Sys., Inc.*, No. G062192, 2024 WL 4272026, at *10 (Cal.
4  Ct. App. Sept. 23, 2024), *reh'g denied* (Oct. 17, 2024), *review denied* (Dec. 31, 2024) (citing
5  *Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 823–26 (Cal. Ct. App. 2011),
6  *pet. for review denied*, No. S191816, 2011 Cal. LEXIS 5306 (May 18, 2011), *cert. denied*, 565
7  U.S. 959 (2011)); *see also Dancy v. Aurora Loan Servs., LLC*, No. C 10-2602 SBA, 2010 U.S.
8  Dist. LEXIS 116513, at *9-10 (N.D. Cal. Nov. 2, 2010) ("[W]hether or not MERS owned the note
9  or was entitled to any payments thereunder does not obviate the fact that the Deed of Trust
10 designated MERS as a beneficiary, which, under section 2924(a) [of the California Civil Code],
11 has the right to foreclose."); *Walton v. Mortgage Elec. Registration Sys., Inc.*, 507 F. App'x 720,
12 721 (9th Cir. 2013).[5]  And as to the specific argument that the specific Deed of Trust in this case
13 "fails to define any specific interest granted to MERS prior to the clause the purports to give
14 MERS the right to foreclose or take action on behalf of the lender," (Doc. 29 at 6), that argument
15 is also without merit.  Taking judicial notice of the Deed of Trust, the undersigned finds that the
16 Deed of Trust both sufficiently identifies MERS as "the beneficiary under this Security
17 Instrument," (Doc. 14-3 at 3), and expressly includes a provision stating:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the property."

21 (Doc. 14-3 at 5).  In light of this explicit language defining MERS's interest, the undersigned
22 rejects Plaintiffs argument to the contrary.
23      Second, Plaintiff advances a theory that the Deed of Trust is void because it was executed
24 simultaneously with his mortgage.  (FAC at 3; Doc. 29 at 3–4).  California courts have rejected
25 this line of argument.  *See RNT Holdings, LLC v. United Gen. Title Ins. Co.*, 230 Cal. App. 4th

---

[5] While Plaintiff does cite to several cases in which courts have held to the contrary, (Doc. 29 at 5–6), those cases are from other jurisdictions and are not persuasive in light of the California case law on this issue. *See Toro-Aire, Inc. v. Fed. Ins. Co.*, No. CV085784SVWJTLX, 2009 WL 10671437, at *7 (C.D. Cal. Oct. 1, 2009) ("Plaintiff cites to authorities from other jurisdictions, but those cases are not determinative of California law.  The Court will not address these cases because there is adequate on-point authority construing California law.").

11

1289, 1296, 179 Cal. Rptr. 3d 175, 181 (2014) ("[I]t is well settled that a trust deed creates a valid lien on real property to secure a debt for which it is executed, even though the trustor has no title to the property at the time of the execution of the instrument, provided he subsequently acquires title thereto during the life of the deed of trust. Title to real property acquired after it is mortgaged is deemed to be covered by the lien on the theory that the mortgagor is estopped from denying title under such circumstances." (quoting *Perego v. Seltzer*, 67 Cal. Rptr. 636, 639 (Cal. Ct. App. 1968))). Therefore, the undersigned finds Plaintiff's argument that the Deed of Trust is void because it "misrepresent[ed] title and possession" without merit.

Third, insofar as Plaintiff relies on an argument that the sale was wrongful because Defendant was not in physical possession of the note, (Doc. 29 at 7), that argument is not clear from the allegations in the complaint and is without merit as a matter of law. For over a century, California and federal courts have taken the consistent position that section 2932.5 does not require recording an assignment of a note secured by a deed of trust before an assignee can exercise the power of sale. *See Stockwell v. Barnum*, 94 P. 400, 402 (Cal. Ct. App. 1908); *Calvo v. HSBC Bank USA, N.A.*, 130 Cal. Rptr. 3d 815, 819 (Cal. Ct. App. 2011); *Haynes v. EMC Mortg. Corp.*, 140 Cal. Rptr. 3d 32, 37 (Cal. Ct. App. 2012) (noting that section 2932.5 "by its plain terms, does not apply to deeds of trust"); *Rodriguez v. Litton Loan Servicing LP*, No. 2:09-cv-0029-MCE-DAD, 2009 WL 1326339 (E.D. Cal. May 12, 2009) (citing *Candelo v. NDEX West, LLC*, No. CV F 08-1916 LJO DLB (E.D. Cal. Dec. 23, 2008)); *Sicairos v. NDEX West, LLC*, No. 08cv2014-LAB (BLM), 2009 WL 385855, at *2–3 (S.D. Cal. Feb. 13, 2009) (quoting *Moeller v. Lien*, 30 Cal. Rptr. 2d 777, 782 (Cal. App. Ct. 1994)); *Pagtalunan v. Reunion Mortg., Inc.*, No 09-162 2009 WL 961995 (N.D. Cal. April 8, 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust."); *Corvera v. HSBC Bank USA, N.A.*, No. CV 09-6517 SVW (SHX), 2009 WL 10698214, at *2 (C.D. Cal. Oct. 27, 2009).

Because the Plaintiff has failed to allege a foreclosure sale has occurred and has failed to advance a theory as to how Defendant caused the "illegal, fraudulent, or willfully oppressive sale of real property," the undersigned recommends Plaintiff's first cause of action for wrongful foreclosure be dismissed with leave to amend to allege new facts supporting a cognizable theory

1   of *how* Defendant caused an "illegal, fraudulent, or willfully oppressive sale of real property."

### 2.     Fraud

Next, Plaintiff brings a claim for fraud, (FAC at 7–8), alleging that "Defendants knowingly and intentionally misrepresented material facts regarding their authority to enforce the mortgage and their ownership of the loan," (*id.* at 8). Under California law, to succeed on a claim for fraud, a plaintiff must show: "(1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Sitanggang v. Indymac Bank, F.S.B.*, No. CVF09-0367LJOSMS, 2009 WL 1286484, at *6 (E.D. Cal. May 6, 2009). Fraud-based claims are subject to Rule 9(b)'s heightened pleading standard. *See* Fed. R. Civ. P. 9(b). Rule 9(b) "requires particularized allegations of the circumstances constituting fraud, including identifying the statements at issue and setting forth what is false or misleading . . . about the statement and why the statements were false or misleading at the time they were made." *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012).

For the same reasons the undersigned rejected Plaintiff's theories of fraud as to Plaintiff's claim for wrongful foreclosure—specifically that MERS was improperly designated as the beneficiary of the Loan and therefore could not further assign its interest—the undersigned finds Plaintiff has similarly not stated a claim for fraud. Therefore, the undersigned recommends that Plaintiff's second cause of action for fraud be dismissed with leave to amend to allege new facts in support of a cognizable theory of fraud.

### 3.     Constructive Fraud

Plaintiff next brings a claim of constructive fraud alleging that "critical facts about the legal structure and true ownership of the loan" were "omit[ed] or misrepresent[ed]." (FAC at 8).

Constructive fraud "is a unique species of fraud applicable only to a fiduciary or confidential relationship[.]" *In re Harmon,* 250 F.3d 1240, 1249 (9th Cir. 2001) (quoting *Assilzadeh v. California Federal Bank,* 98 Cal. Rep. 2d 176, 186 (Cal. Ct. App. 2000)). Constructive fraud arises in cases where there has been "a breach of duty by one in a confidential or fiduciary relationship to another which induce[d] justifiable reliance by the latter *to his*

13

*prejudice.*" *Tyler v. Children's Home Soc'y*, 35 Cal. Rptr. 2d 291, 312 (Cal. Ct. App. 1994) (quoting *Odorizzi v. Bloomfield Sch. Dist.*, 54 Cal. Rptr. 533, 539 (Cal. Ct. App. 1966)). The elements for a cause of action for constructive fraud are fiduciary relationship, nondisclosure, reliance, and resulting injury. *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1183 (C.D. Cal. 2006) (citing *Assilzadeh*, 98 Cal. Rep. 2d. at 176).

To state a claim, Plaintiff must establish that there is a fiduciary relationship between himself and Defendant. As Defendant points out, (MTD at 17–18), California courts have held that "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature," *Nymark v. Heart Fed. Sav. & Loan Assn.*, 283 Cal. Rptr. 53, 55 n.1 (Cal. Ct. App. 1991), and that "[a] commercial lender is entitled to pursue its own economic interests in a loan transaction," *id.* at 55 n.1. A loan transaction is "at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Mgmt. Corp. v. Superior Ct.*, 51 Cal. Rptr. 3d 561, 570 (Cal. Ct. App. 2006) ("the bank is in no sense a true fiduciary" (quoting *Copesky v. Superior Ct.*, 280 Cal. Rptr. 338, 348 (Cal. Ct. App. 1991)). "Likewise, servicers of the loan do not owe any fiduciary duties to the borrowers of the loans they service." *Quintero Fam. Tr. v. OneWest Bank, F.S.B.*, No. 09-CV-1561-IEG (WVG), 2010 WL 392312, at *10 (S.D. Cal. Jan. 27, 2010); *see also Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009). Thus, Plaintiff's claim for constructive fraud fails to state a claim because Plaintiff has not alleged a fiduciary relationship.

Based on the foregoing, the undersigned recommends Plaintiff's third cause of action for constructive fraud be dismissed without leave to amend because amendment would be futile as Plaintiff's claim fails as a matter of law.

4.    <u>Violation of the California Commercial Code</u>

Next, Plaintiff brings a claim for violations of the California Commercial Code—specifically, section 3203, 3301, 3305, and 7501—based on allegations that "Defendants engaged in unlawful, unfair, and fraudulent business practices by using deceptive mortgage instruments, improperly naming MERS, and attempting to foreclose without legal authority . . . [which] harmed Plaintiff and are a part of a systemic pattern of abuse in the mortgage servicing and securitization

industry." (FAC at 10).

While Plaintiff's theory as to how Defendant violated the California Commercial Code is not particularly clear on the face of the complaint, to the extent that Plaintiff contends that California Commercial Code section 3203 requires that a transferee obtain possession of the instrument before initiating foreclosure, as explained, *supra,* that argument fails as a matter of law.

As to sections 3301, 3305, and 7501, the undersigned cannot discern a theory of liability based on the alleged facts. Section 3301 provides a definition for "person entitled to enforce," which alone cannot give rise to a violation. Cal. Comm. Code § 3301. Section 3305 provides for defenses to any obligation to pay, which also cannot give rise to liability of an obligee. Cal. Comm. Code § 3301. And section 7501 governs the requirements of "due negotiation" as to tangible and electronic documents of title. Plaintiff has presented no cognizable theory as to how Defendant violated this section.

Moreover, to the extent Plaintiff seeks to challenge the nonjudicial foreclosure, the undersigned observes that "[t]he comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive," and that "[i]t would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings. *Moeller*, 30 Cal. Rptr. 2d at 785.

Based on the finding that Plaintiff has failed to state a claim as to a violation of the California Commercial Code, the undersigned recommends that Plaintiff's fourth claim be dismissed with leave to amend to allege new facts supporting a cognizable theory of liability under the California Commercial Code.

          5.      <u>Violation of the UCL</u>

Plaintiff next brings a cause of action for a violation of the UCL. (FAC at 9–10). Plaintiff alleges that "Defendants engaged in unlawful, unfair, and fraudulent business practices by using deceptive mortgage instruments, improperly naming MERS, and attempting to foreclose without legal authority. (*Id.* at 10).

Under the UCL, unfair competition includes any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Therefore, there are three prongs under which a claim may be established under section 17200. *Daro v. Superior Ct.*, Cal. Rptr. 3d 716, 724 (Cal. Ct. App. 2007), *as modified on denial of reh'g* (July 3, 2007) ("Because section 17200 is written in the disjunctive, a business act or practice need only meet one of the three criteria— unlawful, unfair or fraudulent—to be considered unfair competition"); *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 731 (9th Cir. 2007) ("[e]ach prong...is a separate and distinct theory of liability"). Further, a claim under section 17200 may rest on a violation of another law. *Farmers Ins. Exch. v. Superior Ct.*, 826 P.2d 730, 734 (Cal. 1992). Under the UCL, an action may be unfair even if it is not unlawful. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 540 (Cal. 1999).

Defendants contend that Plaintiff does not have standing, and, in the alternative, has failed to state a claim under the UCL. (MTD at 19–21). To the extent Plaintiff relies on wrongful foreclosure or fraud to serve the basis for his UCL claim, the UCL claim fails for the reasons mentioned above. The undersigned further finds that Plaintiff has not otherwise plausibly alleged facts supporting a theory that Defendant committed "unfair" business acts or practices. Finally, in the absence of a violation of another law, a UCL claim fails under the unlawful prong of section 17200. Because the undersigned finds that there is no underlying violation, the Court need not address Defendant's standing argument. (*Id.* at 20–21).

Therefore, the undersigned recommends that Plaintiff's fifth cause of action for violations of the UCL be dismissed with leave to amend to allege new facts supporting a cognizable theory of "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

      6.    Quiet Title

Next, Plaintiff brings a claim seeking to quiet title. (FAC at 10–11). Defendant contends that this claim must fail because Plaintiff has not alleged tender. Plaintiff responds that alleging tender is not necessary where an instrument is *void ab initio*. (Doc. 29 at 9). However, in light of the undersigned previous findings, the Court need not determine whether an allegation of tender is required where an instrument is *void ab initio* because Plaintiff has not alleged a

plausible theory as to how the Deed of Trust is void.

In the absence of a cognizable theory as to how the Deed of Trust is void, the undersigned finds that the traditional rule requiring an allegation of tender to sustain an action to quiet title applies, *see Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1107 (E.D. Cal. 2014) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." (quoting *Shimpones v. Stickney*, 28 P.2d 673 (Cal. 1934)); *see also see Mix v. Sodd*, 178 Cal. Rptr. 736, 738 (Cal. Ct. App. 1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 114 Cal. Rptr. 91, 92 (Cal. Ct. App. 1974) (trustor is unable to quiet title "without discharging his debt"), without which Plaintiff has failed to state a claim to quiet title. The undersigned therefore recommends that Plaintiff's sixth cause of action be dismissed with leave to amend to allege tender and/or new facts supporting a cognizable theory as to how the Deed of Trust was *void ab initio*.

### 7. Declaratory Relief / Injunctive Relief

Plaintiff also seeks declaratory and injunctive relief—specifically (1) "a judicial declaration regarding the legal status of the Deed of Trust, the invalidity of MERS's designation as beneficiary, and the unauthorized nature of the assignments and foreclosure actions taken by Defendants" and (2) "an injunction preventing Defendants from proceeding with any foreclosure or sale activity until the rights of the parties are properly adjudicated and the title issues are resolved." (FAC at 11–12). The undersigned recommends that these requests for relief be denied in light of the previous findings that Plaintiff has not stated any viable claim nor presented any plausible theory as to how the assignments and foreclosure actions taken by Defendant were unauthorized.

### 8. Fraudulent Misrepresentation and Aiding and Abetting

Finally, Plaintiff purports to bring a claim against MERS for "Fraudulent Misrepresentation and Aiding and Abetting." (FAC at 12–13). MERS is not a party to this action and the undersigned recommends Plaintiff's final claim be dismissed.

**D.      Motion for Lis Pendens**

The undersigned has recommended granting Defendant's motion to dismiss all claims.

17

For the same reasons, the undersigned recommends denying Plaintiff's request for a *lis pendens* because Plaintiff's failure to state a claim necessarily means Plaintiff has not stated a real property claim. *See Kirkeby v. Superior Ct.*, 93 P.3d 395, 398 (Cal. 2004).

## IV.   CONCLUSION

For the foregoing reasons, the undersigned VACATES the hearing scheduled for May 21, 2025. The undersigned further recommends the following:

(1) Plaintiff's Motion for Leave to Record a *Lis Pendens* on the property at 942 West Loyola Avenue Visalia, California, (Doc. 4), be DENIED;

(2) Defendant's Motion to Dismiss the First Amended Complaint, (Doc. 14), be GRANTED, with leave to amend, except as to Plaintiff's constructive fraud claim; and

(3) Plaintiff's Motion to Strike Defendant's Untimely Motion to Dismiss and for Judicial Entry of Default, (Doc. 15), be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 15, 2025**                               /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE