**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH PICENO SALAZAR, | Case No. 1:25-cv-0172 KES SKO |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR LEAVE TO RECORD *LIS PENDENS*, DENYING PLAINTIFF'S MOTION TO STRIKE, DENYING ENTRY OF DEFAULT, GRANTING DEFENDANT'S MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND, AND TERMINATING AS MOOT PLAINTIFF'S MOTION FOR JOINDER AND LEAVE TO AMEND |
| v. | |
| SELECT PORTFOLIO SERVICING, INC., | |
| Defendant. | |
| | Docs. 4, 14, 15, 39, 41 |
| | ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |

Joseph Salazar, proceeding pro se, seeks to hold Select Portfolio Servicing, Inc. ("Select") liable for violations of state law related to the foreclosure of a property identified as 942 West Loyola Avenue, Visalia, California.  Doc. 14-3 at 3, 5.  After initiating this action, Salazar moved for leave to record a *lis pendens* against the property.  Doc. 4.  Salazar filed a First Amended Complaint ("FAC") on March 25, 2025. Doc. 10.  The FAC includes claims for (1) wrongful foreclosure, (2) fraud and misrepresentation, (3) constructive fraud, (4) violation of the California Commercial Code, (5) violation of California's Unfair Competition Law, (6) quiet title, (7) declaratory relief, (8) injunctive relief, and  (9) fraudulent misrepresentation.  *See id.*

1

Select seeks dismissal of the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting Salazar "fails to state a claim upon which relief can be granted." Doc. 14 at 1. Salazar argues this motion was untimely, and he requests that the Court strike the motion to dismiss and enter default against Select. Doc. 15.

The magistrate judge issued findings and recommendations on the pending motions. Doc. 39. The magistrate judge acknowledged Select filed its motion to dismiss "two days late" under the time required by Rule 15(a)(3) of the Federal Rules of Civil Procedure, which Select attributed to "a calendaring mistake." Doc. 39 at 8. The magistrate judge found that the calendaring error "constitute[d] excusable neglect," and that there was no evidence Select acted in bad faith. *Id.* at 8-9. The magistrate judge recommended that the Court deny the motion to strike and decline to enter default because the "Motion to Dismiss constitutes a pleading or other defense under Rule 55." *Id.* at 9.

The magistrate judge reviewed each of the claims raised in the FAC and found Salazar failed to allege facts or plausible legal theories to support his claims. Doc. 39 at 9-17. The magistrate judge recommended each of the claims be dismissed with leave to amend, with the exception of Salazar's claim for constructive fraud that failed as a matter of law. *See id.* As Salazar failed to allege any cognizable real property claim, the magistrate judge recommended the request for a *lis pendens* also be denied. *Id.* at 18.

On May 16, 2025, the Court served the findings and recommendations on the parties and notified them that any objections were to be filed within 21 days. Doc. 39 at 18. Salazar filed objections on May 20, 2025, to which Select filed a response on June 3, 2025. Doc. 42. Salazar filed an additional response on June 6, 2025. Doc. 43.

Salazar asserts the magistrate judge exceeded the scope of her authority in considering the motion to dismiss and motion to strike. Doc. 40 at 2; Doc. 43 at 2. A magistrate judge is vested with the authority "to hear and determine any pretrial matter pending before the court" except motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state

2

a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1). Even with excepted and dispositive matters, a magistrate judge may "submit to a judge of the court proposed findings of fact and recommendations" to the district judge without the parties' consent. 28 U.S.C. § 636(b)(1)(B). Pursuant to this authority, the Court referred the motions to the magistrate judge for consideration. Doc. 20. The magistrate judge did not act beyond the scope of her authority by issuing findings and recommendations.

Salazar contends he suffered a due process violation because the Court did not hold a hearing on the pending matters. Doc. 43 at 2-3. The Court has the inherent authority to control its dockets, and it may take matters under submission to issue a written ruling. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); Local Rule 230(g). As the Ninth Circuit has noted, "it is well settled that there is no constitutional due process right to oral argument." *Sovereign Gen. Ins. Servs., Inc. v. Nat'l Casualty Co.*, 359 F. App'x 705, 707 (9th Cir. 2009). Salazar received fair notice and had the opportunity to be heard through the filing of his opposition to the motion to dismiss, his motion to strike, and the related reply brief. *See* Docs. 15, 16, 29, 30. He fails to show the magistrate judge violated his due process rights by issuing findings and recommendations without oral argument.

Salazar also argues the magistrate judge exhibited "apparent judicial bias," citing prior rulings and the pending findings in this matter. Doc. 40 at 7. A showing of bias requires an extra-judicial source for bias, and the magistrate judge's "conduct or rulings made during the course of the proceeding" alone will not support a determination of bias. *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381 (9th Cir. 1988); *see also Liteky v. United States*, 510 U.S. 540, 553 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," because "they cannot possibly show reliance upon an extrajudicial source"). As Salazar expresses only a disagreement with the magistrate judge's findings and rulings in this proceeding and nothing more, he fails to show bias.

Pursuant to 28 U.S.C. § 636(b)(1), the Court performed a de novo of review of this matter. After carefully reviewing the matter, including the objections and responses, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Salazar's objections concerning the motion to dismiss and the sufficiency of the pleadings are unavailing. As the magistrate judge determined, the allegations in the FAC are insufficient to support the claims alleged, and the claim for constructive fraud fails as a matter of law.

The Court **ORDERS**:

1. The findings and recommendations dated May 16, 2025 (Doc. 39) are **ADOPTED** in full.

2. Plaintiff's Motion for Leave to Record a Lis Pendens (Doc. 4) is **DENIED**.

3. Defendant's motion to dismiss the First Amended Complaint (Doc. 14) is **GRANTED**, with leave to amend except as to the claim for constructive fraud.

4 Plaintiff's constructive fraud claim is **DISMISSED** without leave to amend.

5. Plaintiff's motion to strike and for entry of default (Doc. 15) is **DENIED**.

6. Plaintiff **SHALL** file a Second Amended Complaint within 30 days of the date of service of this order.

7. Plaintiff's motion for joinder and to file an amended complaint (Doc. 41) is terminated as **MOOT**.

**Plaintiff is advised the failure to file a Second Amended Complaint as ordered will result in dismissal without prejudice for failure to comply with the Court's order and failure to prosecute.**

IT IS SO ORDERED.

Dated:   March 31, 2026

_____
UNITED STATES DISTRICT JUDGE

4