# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOSEPH PICANO SALAZAR,

Plaintiff,

v.

SELECT PORTFOLIO SERVICING, INC.,

Defendant.

Case No.:1:25-cv-00172-KES-SKO

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED OPPOSITION AND FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT BE GRANTED WITHOUT FURTHER LEAVE TO AMEND**

(Docs. 51, 57)

<u>OBJECTIONS DUE: 21 Days</u>

Plaintiff Joseph Picano Salazar initiated this action on February 11, 2025, with a fee-paid complaint.  (*See* Doc. 10 ("FAC")).  On March 31, 2026, the Court dismissed that complaint, but granted leave to amend.  (Doc. 48).  On April 28, 2026, Plaintiff timely filed a second amended complaint.  (Doc. 49 ("SAC"))

Presently before the Court are several matters filed by both parties including: (1) Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss the Second Amended Complaint, (Docs. 51; 51-1 ("MTD")); (2) Defendant Select Portfolio Servicing, Inc.'s Request for Judicial Notice, (Doc. 51-2); and (3) Plaintiff's Motion to File an Amended Opposition, (Doc. 57).

The Motion for Leave to file an Amended Opposition was submitted for immediate action by the undersigned on June 11, 2026.  (Doc. 58).  The pending Motion to Dismiss was referred to the undersigned pursuant to 8 U.S.C. § 636(b)(1), (*see* Doc. 56), and are appropriate for decision without oral argument, *see* Local Rule 230(g).

//

//

# I.   BACKGROUND

## A.   Factual Background

Plaintiff Joseph Picano Salazar signed a Deed of Trust dated June 17, 2022, the subject of which is a property identified as 942 West Loyola Avenue, Visalia, California.  (Doc. 49 at 21–33).  The relevant parties identified in the Deed of Trust are: (1) Plaintiff as the borrower, (2) United Wholesale Mortgage, LLC as the lender, and (3) Mortgage Electronic Registration System ("MERS") as nominee and beneficiary.  (*Id.* at 21).  As relevant to the pending action, the Deed of Trust states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the property."

(*Id.* at 23).

Defendant Select Portfolio Servicing was not a party at the time the Deed of Trust was executed, but on October 25, 2024, MERS purported to assign its interest to Defendant Wilmington Savings Fund Society, FSB, solely as owner Trustee of OBX 2023-NMQ2 Trust, with Defendant Select Portfolio Servicing, Inc. as servicer through a "Corporate Assignment Deed of Trust."  (*Id.* at 43–44).

On November 22, 2024, Defendant Wilmington Savings Fund Society, FSB, solely as owner Trustee of OBX 2023-NMQ2 Trust, with Defendant Select Portfolio Servicing, Inc. as servicer executed a substation of trustee, substituting Defendant Clear Recon. Corp. as successor trustee.  (*Id.* at 46).

On December 2, 2024, a Notice of Sale was sent by Defendant Clear Recon Corp. to Plaintiff.  (*Id.* at 49–51).

On May 1, 2025 a trustee's sale was conducted and a Trustee's Deed Upon Sale was thereafter recorded in Tulare County on May 20, 2025, purporting to convey title to Wilmington Savings Fund Society, FSB solely as owner Trustee of OBX 2023-NMQ2 Trust.  (*Id.* at 122–23).

## B.   Procedural Posture

Plaintiff, proceeding *pro se*, initiated this action on February 11, 2025, with a fee-paid

complaint. (Doc. 1). After Plaintiff's FAC was dismissed with leave to amend, (Doc. 48), Plaintiff filed a second amended complaint ("SAC"), bringing claims against Defendants Select Portfolio Servicing, Inc., Clear Recon Corp., and Wilmington Savings Fun Society, FSB for (1) wrongful foreclosure, (2) breach of contract, (3) quiet title, (4), slander of title, (5) declaratory relief, (6) cancellation of instruments. (SAC ¶¶ 33–66). Plaintiff also requests a temporary restraining order, preliminary injunction, and permanent injunction.

The gravamen of Plaintiff's SAC mirrors that of his FAC in that Plaintiff alleges "the entities who executed and directed the later assignment, substitution, and foreclosure-related instruments had established lawful authority to do so at the relevant times," (*id.* ¶ 17).

On May 13, 2026, Defendant Select Portfolio Servicing filed a Motion to Dismiss Plaintiff's SAC. (MTD). On May 27, 2026, Plaintiff filed an opposition. (Doc. 54). On June 8, 2026, Defendant Select Portfolio Servicing filed a reply. (Doc. 59).

On June 5, 2026, Plaintiff filed a Motion for Leave to File an Amended Opposition. (Doc. 57). The Court construed the motion as an administrative motion under Eastern District of California Local Rule 233. Defendants Select Portfolio Servicing, Inc. and Wilmington Savings Fund Society, FSB filed their opposition on June 9, 2026. (Doc. 60).

## II.    MOTION FOR LEAVE TO FILE AN AMENDED OPPOSITION

Starting with Plaintiff's Motion for Leave to File an Amended Opposition, (Doc. 57), the undersigned observes that the basis upon which Plaintiff seeks leave to amend his opposition is to "supplement the record with newly discovered facts arising after the filing of Plaintiff's original opposition which directly relate to issues of contractual authority, agency, ownership, and standing raised in Defendants' Motion to Dismiss." (Doc. 57). The undersigned will deny Plaintiff's motion on the basis that in consideration of a motion to dismiss, a court may not consider "extrinsic evidence" beyond the allegations contained in the operative complaint, here the SAC. *N. Cal. River Watch v. Fluor Corp.*, No. 10-CV-05105-MEJ, 2014 WL 3385287, at *6 (N.D. Cal. July 9, 2014). Because Plaintiff's amended opposition is offered for the impermissible purpose of supplementing the record with extrinsic evidence, the undersigned will deny Plaintiff's motion. *See Melrose Place Holdings v. Socotra Opportunity Fund, LLC*, No.

CV2201329MWFPDX, 2022 WL 3013226, at *5 (C.D. Cal. May 31, 2022) ("Introducing extrinsic evidence in Opposition to a motion to dismiss is improper.").

### III.    MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

#### A.    Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim," and dismissal is "proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011). "To survive a motion to dismiss, the plaintiff's complaint 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"At this stage, the Court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019). "[D]etermining whether a complaint states a plausible claim [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663–64. "'[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Twombly*, 550 U.S. at 562.

In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

To the extent the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013).

Federal Rule of Civil Procedure 15(a)(2) advises that "[t]he court should freely give leave when justice so requires." In general, a pro se litigant will be granted an opportunity to amend deficient pleadings ordinarily. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). However, while the Ninth Circuit has an extremely liberal policy favoring leave to amend, *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), a court may deny leave to amend the complaint if doing so would be futile, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.    Analysis**

Turning now to the merits of Defendant's Motion to Dismiss, the undersigned reviews each claim in turn.

1.    <u>Wrongful Foreclosure</u>

Plaintiff first brings a claim for wrongful foreclosure, "disput[ing] that the substitution of trustee and ensuing foreclosure activity were undertaken by parties whose authority had not been validly established." (SAC ¶ 35).

Courts have the power to vacate a foreclosure sale where there has been "fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 633 (Cal. Ct. App. 2011) (quoting *Lo v. Jensen*, 106 Cal. Rptr. 2d 443, 446 (Cal. Ct. App. 2001)). To state a claim for wrongful foreclosure, a plaintiff must plausibly allege: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secure indebtedness or was excused from tendering." *Id.* Here, Plaintiff's wrongful foreclosure claim alleges that Defendants lacked, or at a minimum failed to adequately establish, lawful authority to direct, notice, conduct, complete, and benefit from the nonjudicial foreclosure sale of the property." (SAC ¶ 34).

Defendants contend that Plaintiff does not advance a cognizable theory for wrongful foreclosure. (MTD at 10–14). The undersigned agrees.

While Plaintiff does now allege a foreclosure sale has taken place, (SAC ¶ 24), the undersigned finds Plaintiff's various theories as to why the foreclosure is wrongful to again be without merit and fail as a matter of law.

The undersigned starts with Plaintiff's allegation "that the substitution of trustee did not comply with the Deed of Trust because Covenant 24 expressly requires appointment of a successor by the "Lender," which the Deed of Trust specifically defines as United Wholesale Mortgage, LLC." disputing that "[Select Portfolio Servicing, Inc.], Wilmington, OBX or persons acting through them had established valid authority to act as the contractual 'Lender' for purposes of Covenant 24 at the time of substitution." (SAC ¶ 18). Plaintiff is mistaken as a matter of law.

The heart of Plaintiff's allegations in this case is that, through an improper transfer of notes, Defendants do not have the right to foreclose (or direct another party to foreclose) on the Property. Plaintiff makes a scattershot of allegations that various entities connected with his mortgage did not have the authority to take part in the issuance of mortgages or to transfer the interests therein. In the prior order dismissing the FAC, it was determined that Plaintiff did not plead sufficient facts to state a cause of action based on this argument. (Docs. 39, 48). Plaintiff presently objects that "Defendants improperly assume that the existence of recorded assignments and servicing records conclusively establishes lawful foreclosure authority" and that "[a] recorded instrument cannot independently create authority that did not otherwise exist." (Doc. 54 at 5). The undersigned disagrees.

Courts may take judicial notice of the dates, parties, and legally operative language of these documents because they are "not subject to reasonable dispute." Fed. R. Evid. 201(b); *Permito v. Wells Fargo Bank*, 2012 WL 1380322, *2 (N.D. Cal. Apr. 20, 2012) ("The Court will take judicial notice of the dates, parties, and legally operative language of these documents"). Recorded deeds of trust and associated documents have automatic legal effect. For example, the statute governing substitution of trustees specifies, "[o]nce the document required by this paragraph is recorded, it shall constitute conclusive evidence of compliance with the requirements of this paragraph in

6

favor of substituted trustees acting pursuant to this section." Cal. Civ. Code § 2934a(a)(2)(D). It is recognized that "[u]nder California law, a substitution of trustee is effective from the time it is recorded." *Bello v. Chase Home Fin., LLC*, 622 Fed. Appx. 663 (9th Cir. 2015). It is this legally operative effect of which the court takes judicial notice. THe undersigned finds that upon review of the judicially noticeable recorded documents establish a chain that gave Defendants the right to foreclose.

Turning to the specifics of Plaintiff's allegations, Plaintiff first contends that beneficiary Defendant Wilmington Savings Fund Society, FSB as Owner Trustee of OBX 2023-NQM2 Trust as serviced by Defendant Select Portfolio Services, Inc. cannot substitute the trustee because "Covenant 24" of the Deed of Trust provides that only the "Lender" can substitute the trustee. (SAC ¶ 18 (citing *id.* at 33)). But while United Wholesale Mortgage, LLC is listed as the "Lender" on the Deed of Trust, the Deed of Trust also includes MERS as both the "beneficiary" and "nominee" of the Lender. (*Id.* at 21–22). And then the Corporate Assignment of the Deed of Trust—signed by MERS as both "beneficiary" and "nominee" of Lender United Wholesale Mortgage, LLC—"assigns and transfers" "all its interest" under the Deed of Trust to Defendant Wilmington Savings Fund Society, FSB as Owner Trustee of OBX 2023-NQM2 Trust as serviced by Defendant Select Portfolio Services, Inc. (*Id.* at 43).[1] And this was permissible under the terms of the Deed of Trust. MERS, as the original beneficiary under the Deed of Trust and as nominee of Lender United Wholesale Mortgage, LLC., had the power to assign its interest as beneficiary to Defendant Wilmington Savings Fund Society, FSB as Owner Trustee of OBX 2023-NQM2 Trust. *Hensley v. Bank of N.Y Mellon*, No. 1:10-CV-1316, 2011 WL 2118810, at *3 (E.D. Cal. May 27, 2011) ("[C]ourts have held that where MERS acts as a beneficiary under a deed of trust, it has the right to assign its interest. Moreover, California Civil Code § 2934a expressly authorizes a beneficiary under a deed of trust to substitute the trustee.") (internal citations omitted). And then, subsequently, Defendant Wilmington Savings Fund Society, FSB as Owner Trustee of OBX 2023-NQM2 Trust had the power to substitute Defendant Clear Recon Corp. as trustee. Cal. Civ.

---

[1] Additionally, California courts have recognized that MERS, when acting as a named beneficiary, has the power to execute substitutions and assignments. *Lawther v. Onewest Bank*, No. C-10-0054, 2010 WL 4936797 at *6 (N.D. Cal. Nov. 30, 2010).

Code § 2934a(a)(1) (granting beneficiaries the power to substitute the trustee). Or, put another way, MERS assigned Defendant Wilmington Savings Fund Society, FSB as Owner Trustee of OBX 2023-NQM2 Trust as serviced by Defendant Select Portfolio Servicing, Inc. as beneficiary, and Defendant Wilmington Savings Fund Society, FSB as Owner Trustee of OBX 2023-NQM2 Trust as serviced by Defendant Select Portfolio Servicing, Inc. was therefore properly authorized to further substitute Clear Recon Corp. as trustee.

Plaintiff next argues that "the Promissory Note produced to Plaintiff does not identify OBX 2023-NQM2 Trust as payee, transferee, or named noteholder, and therefore does not, on its face, establish a complete and documented chain of note-enforcement rights into the party claiming foreclosure authority." (SAC ¶ 19). But this allegation mirrors a theory that was rejected in the Court's prior order.

In California, non-judicial foreclosure proceedings are exclusively governed by Civil Code § 2924, and it is well settled that section 2924 does not require possession of the original note in order to foreclose. *See Rivac v. Ndex W. LLC*, No. C 13-1417 PJH, 2013 WL 6662762, at *5 (N.D. Cal. Dec. 17, 2013). "Under California law, there is no requirement for the production of an original promissory note prior to initiation of a nonjudicial foreclosure . . . . Therefore, the absence of an original promissory note in a nonjudicial foreclosure does not render a foreclosure invalid." *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1200 (E.D. Cal. 2013) (quoting *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1186 (N.D. Cal. 2009)). "Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process. Production of the original note is not required to proceed with a non-judicial foreclosure." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (citation omitted); *see also Sicairos v. NDEX West, LLC*, 2009 WL 385855 at *3 (S.D. Cal. Feb. 13, 2009). Because the undersigned has already found that Clear Recon Corp. was validly substituted as trustee, the fact that Defendant Clear Recon Corp. was not listed on the original promissory note is not relevant to their right to initiate foreclosure.

And again, the undersigned finds that for over a century, California and federal courts have taken the consistent position that section 2932.5, governing the power of sale by an assignee, does

8

not require recording an assignment of a note secured by a deed of trust before an assignee can exercise the power of sale. *See Stockwell v. Barnum*, 94 P. 400, 402 (Cal. Ct. App. 1908); *Calvo v. HSBC Bank USA, N.A.*, 130 Cal. Rptr. 3d 815, 819 (Cal. Ct. App. 2011); *Haynes v. EMC Mortg. Corp.*, 140 Cal. Rptr. 3d 32, 37 (Cal. Ct. App. 2012) (noting that section 2932.5 "by its plain terms, does not apply to deeds of trust"); *Rodriguez v. Litton Loan Servicing LP*, No. 2:09-cv-0029-MCE-DAD, 2009 WL 1326339 (E.D. Cal. May 12, 2009) (citing *Candelo v. NDEX West, LLC*, No. CV F 08-1916 LJO DLB (E.D. Cal. Dec. 23, 2008)); *Sicairos v. NDEX West, LLC*, No. 08cv2014-LAB (BLM), 2009 WL 385855, at *2–3 (S.D. Cal. Feb. 13, 2009) (quoting *Moeller v. Lien*, 30 Cal. Rptr. 2d 777, 782 (Cal. App. Ct. 1994)); *Pagtalunan v. Reunion Mortg., Inc.*, No 09-162 2009 WL 961995 (N.D. Cal. April 8, 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust."); *Corvera v. HSBC Bank USA, N.A.*, No. CV 09-6517 SVW (SHX), 2009 WL 10698214, at *2 (C.D. Cal. Oct. 27, 2009).

The undersigned therefore finds that Plaintiff has not plausibly alleged facts that, taken in the light most favorable to him, establish the first element his claim for wrongful foreclosure.

### 2. Breach of Contract

Next, Plaintiff's second claim is for breach of contract claim based on the same theory advanced as to his wrongful foreclosure claim regarding "Covenant 24." (SAC ¶¶ 38–43). The elements for breach of contract are the existence of a valid contract, breach of the contract, and resulting damages. *See Am. Express Travel Related Servs. Co., Inc. v. D&A Corp.*, No. 104CV06737OWWTAG, 2005 WL 8176358, at *5 (E.D. Cal. July 15, 2005). The undersigned finds that Plaintiff's breach of contract claim fails for the same reasons this theory failed to plausibly allege wrongful foreclosure.

The undersigned therefore finds that Plaintiff has not plausibly alleged facts that, taken in the light most favorable to him, can establish a breach of contract.

### 3. Quiet Title

Plaintiff's third claim is for quiet title. (SAC ¶¶ 44–47). "Quieting title is the relief granted once a court determines that title belongs in plaintiff . . . . In other words, in such a

case, the plaintiff must show he has a substantive right to relief before he can be granted any relief at all." *Leeper v. Beltrami*, 347 P.2d 12, 26 (Cal. 1959) (en banc). Plaintiff's quiet title claim is therefore dependent on his wrongful foreclosure claim. Since he has failed to plead a wrongful foreclosure claim, the undersigned finds that his quiet title claim necessarily fails. *See Keo v. Bank of Am., N.A.*, No. A138826, 2015 WL 799633, at \*4 (Cal. Ct. App. Feb. 25, 2015).

### 4.    Slander of Title

Plaintiff's fourth claim is for slander of title. (SAC ¶¶ 48–57). "Slander or disparagement of title occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes the owner thereof 'some special pecuniary loss or damage.'" *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, 141 Cal. Rptr. 3d 109, 135 (Cal. App. Ct. 2012), *as modified on denial of reh'g* (May 30, 2012) (quoting *Fearon v. Fodera*, 148 P. 200, 202 (Cal. 1915)).

Because Plaintiff's allegations as to this claim are essentially an extension of his wrongful foreclosure claim, and it therefore suffers from the same shortcomings. *Schmidt v. Wells Fargo Bank, N.A.*, No. C 13-01509 WHA, 2013 WL 3187418, at \*5 (N.D. Cal. June 21, 2013). Therefore, the undersigned finds Plaintiff has not stated a claim for slander of title.

### 5.    Declaratory Relief

Plaintiff's fifth claim is for "Declaratory Relief." (SAC ¶¶ 58–61). But declaratory relief is not a separate cause of action or independent grounds for relief. *See Mayen v. Bank of America N.A.*, 2015 WL 179541, at \*5 (N.D. Cal. 2015). Therefore, the undersigned finds that this claim fails.

### 6.    Cancellation of Instruments

Plaintiff's sixth claim is for cancellation of instruments. (SAC ¶¶ 62–66). To prevail on a claim to cancel an instrument pursuant to Cal. Civ. Code § 3412, "a plaintiff must prove (1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position." *Enos v. U.S. Bank, N.A.*, 831 F. App'x 289, 290 (9th Cir. 2020) (quoting *U.S. Bank Nat'l Ass'n v. Naifeh*, 205 Cal. Rptr. 3d 120, 128 (Cal. App. Ct. 2016)).

10

Because Plaintiff's cancellation claim is entirely derivative of his claim for wrongful foreclosure and he has failed to state a cause of action for wrongful foreclosure therefore, the undersigned finds that Plaintiff also fails to state a claim for cancellation. *Keo*, No. 2015 WL 799633, at *5.

### 7.     Declaratory Relief / Injunctive Relief

Plaintiff also seeks declaratory and injunctive relief—specifically (1) "[a] declaration that Defendants lack lawful authority to substitute the trustee, exercise the power of sale, foreclose upon the Property, rely upon the Trustee's Deed Upon Sale, or dispossess Plaintiff from the Property based on the challenged foreclosure" and (2) "[a]n order temporarily, preliminarily, and permanently enjoining Defendants and all persons from acting in concert with them from enforcing or relying upon the Trustee's Deed Upon Sale, from prosecuting or continuing unlawful detainer or other possession proceedings based upon the challenged sale, from transferring or encumbering the Property, from recording any further instruments intended to complete or benefit from the challenged sale, and from removing Plaintiff from possession pending adjudication of this action." (SAC ¶¶ 78–79).

The undersigned recommends that these requests for relief be denied in light of the previous findings that Plaintiff has not stated any viable claim nor presented any plausible theory as to how the assignments and foreclosure actions taken by Defendants were unauthorized.

### C.     Leave to Amend

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)).

11

The undersigned has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Plaintiff was provided with applicable legal standards, an explanation why his complaint failed to state a claim, and leave to file a further amended complaint. The further amended complaint that Plaintiff filed did not remedy the deficiencies previously identified.

Plaintiff has repeatedly demonstrated that he is unable to marshal facts sufficient to constitute a cognizable claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of his third amended complaint. Thus, the undersigned recommends the Plaintiff not be given any further leave to amend and further recommends that the action be dismissed.

## IV.    CONCLUSION

For the aforementioned reasons, the undersigned DENIES Plaintiff's Motion for Leave to File an Amended Opposition to Defendants' Motion to Dismiss Second Amended Complaint, (Doc. 57). The undersigned further RECOMMENDS that Defendant's Motion to Dismiss the Second Amended Complaint, (Doc. 51), be GRANTED, without further leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **June 11, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

12